**In re Dennis Ray KING, Debtor.**

**Bankruptcy No. 92 51600.**

United States Bankruptcy Court,
N.D. Illinois, W.D.

April 14, 1993.

---

Douglas E. Lee, Dixon, IL, for the Bank.

Linda A. Giesen, Dixon, IL, for debtor.

Jamie J. Cassel, Rockford, IL, for trustee Bernard J. Natale.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Objection of The First National Bank In Amboy ("Bank") to the Debtor's Claim of Exemptions. Bank is represented by Attorney Douglas E. Lee. The Debtor is represented by Attorney Linda A. Giesen. The Trustee, Bernard J. Natale, is represented by Attorney Jamie J. Cassel.

The Debtor agrees that a gas welder and eight air jack stands are not exemptible.[1] The question is whether a fax machine, a

copier, an office desk and chair, a 4–drawer file cabinet and two bank accounts used by the Debtor in his business are exemptible. The Debtor has claimed an exemption for these items of personal property within his "$2,000 wild card" exemption. 735 ILCS 5/12–1001(b). It is not disputed that the property in question was used for business purposes.

735 ILCS 5/12–1001(h) provides that "the personal property exemption set forth in this section shall apply only to individuals and only to personal property that is used for personal rather than business purposes." It would appear, then, that the personal property used in the Debtor's business is not exemptible unless it falls within 735 ILCS 5/12–1001(d) or within the phrase "in any other property" in Subsection (b).

In *In re Allman*, 58 B.R. 790 (Bankr. C.D.Ill.1986), Judge Ginsberg offers an analysis of the Illinois Exemption Statute that provides the answer. Faced with an apparent inherent conflict in the language of Subsection (h) and the language of Subsections (b) and (d), Judge Ginsberg concludes that the legislature did not intend to repeal the "tools of the trade" exemption by enactment of Subsection (h). Judge Ginsberg states that "the most logical reading of Subsection (h) is that it prevents a debtor from claiming a wild card exemption in personal property used for business *other than* implements, professional books, or tools of trade."

There is authority that such items as a fax machine, copier, desk, chair, and cabinets are tools of the trade. Therefore, the Debtor here can exempt those items under Subsection (d) or, in accordance with *In re Allman*, under a combination of Subsections (d) and (b) if the value exceeds $750.00. The value in excess of $750.00 can be "stacked." *Matter of Barker*, 768 F.2d 191 (7th Cir.1985).

Here, the analysis starts with the premise that the fax machine, copier, desk, chair, and file cabinet are tools of the

---

**1.** Quite frankly, the Court is puzzled by this concession. On the face of it, these items would appear to qualify under the "tools of the trade" exemption, and were so listed by the Debtor.

trade. The Debtor did not list them as such in his voluntary petition, but a simple amendment would swiftly accomplish that. The Debtor is entitled, therefore, to exempt tools of the trade not to exceed $750.00 in value. No testimony on value has been offered, but if the value is $750.00 or less, all the items are exemptible under Subsection (d). If the value exceeds $750.00, the excess is exempt under Subsection (b). *In re Allman,* 58 B.R. at 791.

Although that is not the manner in which the Debtor requested his exemptions in Schedule C of his voluntary petition, it seems sensible to cut right through the morass and make certain findings which appear to be inevitable, subject to a motion to reconsider. Those findings are that the fax machine, copier, desk, chair and file cabinet are tools of the trade and their value falls within the amounts permitted in Subsection (d), or within the amounts permitted in a combination of Subsections (d) and (b).

\*    \*    \*    \*    \*    \*

Judge Ginsberg's analysis in *In re Allman* leads to a different result as to the bank accounts. The bank accounts are not tools of the trade, thus not exemptible under Subsection (d). Moreover, due to the limiting language of Subsection (h), they are not exemptible under "any other property" in Subsection (b).

The result, though philosophically dubious, is that tools of the trade are exempt, subject to a dollar limit, under both Subsections (d) and (b), but personal property that is used for business purposes and that does not constitute a tool of the trade, is not exemptible.

Attorney Lee should submit an Order in accordance with this Memorandum Opinion, within five days, allowing an exemption for the fax machine, copier, desk, chair, and file cabinet, but disallowing an exemption for the gas welder, eight air jack stands and the bank accounts.